IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **REBECCA BURTON,** *et al.*, | Case No. 3:23-cv-1528-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **LEGACY HEALTH**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

      United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on July 18, 2024. Judge Russo recommended that this Court deny Plaintiffs' motion for leave to file an amended complaint. Judge Russo also recommended providing Plaintiffs "one final opportunity to seek amendment to clarify the facts and legal theories underlying their claims." No party filed objections to Judge Russo's recommendation to deny Plaintiffs' motion. Defendant Legacy Health (Legacy) filed an objection to Judge Russo's recommendation that the Court allow Plaintiffs another opportunity to move for leave to amend their complaint. Plaintiffs did not respond to Legacy's objection.

      Under the Federal Magistrates Act (Act), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

PAGE 1 – ORDER

§ 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

No party having made objections to most of the Findings and Recommendation, the analysis and conclusion regarding Plaintiffs' motion, the Court follows the recommendation of the Advisory Committee and reviews that portion of Judge Russo's Findings and Recommendation for clear error on the face of the record. No such error is apparent. Accordingly, the Court adopts Judge Russo's Findings and Recommendation analyzing and concluding that Plaintiffs' motion to amend their complaint should be denied.

Regarding whether Plaintiffs may yet again try to allege viable claims, this issue was not specifically briefed before Judge Russo and was not analyzed by Judge Russo. Legacy simply argued that Plaintiffs should not be permitted to amend their complaint as proposed, apparently

presuming the Court would not give Plaintiffs another opportunity. It is within this Court's discretion whether to accept new argument submitted with objections. *See Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004). The Court exercises its discretion to consider Legacy's arguments, unrebutted by Plaintiffs.

Legacy argues that Plaintiffs should not be given another opportunity to move to amend the complaint because Plaintiffs have been unable to articulate viable claims despite being given two opportunities to do so, citing *Cooks v. Contra Costa County*, 2021 WL 5492985, at *2 (9th Cir. Nov. 23, 2021) (considering whether a plaintiff "should have been given another opportunity to amend his complaint" and concluding that such an opportunity was unwarranted where, "[d]espite a previous opportunity amend[, the plaintiff] failed to include additional facts" sufficient to support his claims.). Legacy also argues that the Court should not grant Plaintiffs leave to move to amend because they "abused their initial opportunity to seek leave to file an amended complaint by advancing bad faith, frivolous arguments, seeking to evade the applicable statutes of limitations and relevant administrative exhaustion requirements, and filing 16 duplicative lawsuits on behalf of individuals whom plaintiffs simultaneously sought to join in this action." ECF 39 at 6.

Judge Russo explained why Plaintiffs' failed to assert viable claims and why Plaintiffs' attempt to add 49 new plaintiffs were unavailing. Additionally, as noted, Plaintiffs failed to respond to Legacy's arguments as to why the Court should not grant Plaintiffs' leave to file another motion to amend, including Legacy's arguments regarding Plaintiffs' frivolous filings and abuse of process. The Court sustains Legacy's objection for the reasons asserted by Legacy.

PAGE 3 – ORDER

The Court ADOPTS IN PART the Findings and Recommendation, ECF 39. The Court DENIES Plaintiffs' Motion to File First Amended Complaint, ECF 22, without leave to seek further amendment.

**IT IS SO ORDERED.**

DATED this 21st day of August, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER